1  Elizabeth Staggs Wilson, Bar No. 183160
   estaggs-wilson@littler.com
2  LITTLER MENDELSON, P.C.
   633 West 5th Street
3  63rd Floor
   Los Angeles, California 90071
4  Telephone: 213.443.4300
   Fax No.:   213.443.4299
5
   Emily Mertes, Bar No. 296743
6  emertes@littler.com
   LITTLER MENDELSON, P.C.
7  333 Bush Street, Suite 3400
   San Francisco, California 94104
8  Telephone: 415.433.1940
   Fax No.:   415.399.8490
9
   Attorneys for Defendant
10 DIRECTBUY HOME IMPROVEMENT, INC.
11
                   UNITED STATES DISTRICT COURT
12
                  CENTRAL DISTRICT OF CALIFORNIA
13

| | |
|---|---|
| PEDRO BORJA RODRIGUEZ, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTBUY HOME IMPROVEMENT, INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 2:22-cv-9226<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]**<br><br>Los Angeles Superior Court Case No. 22STCV25196<br>Complaint Filed: August 4, 2022 |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF PEDRO BORJA RODRIGUEZ AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant DIRECTBUY HOME IMPROVEMENT, INC. ("Defendant") removes the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court, Central District of California, pursuant to 28 U.S.C. sections 1332(d) (Class Action Fairness Act of 2005), 1441(b), and 1446 on the following grounds:

## I.     STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.     VENUE

2. This action was filed in the Superior Court for the State of California, County of Los Angeles. Venue properly lies in the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. sections 84(c)(2), 1391, 1441, and 1446.

## III.     PLEADINGS, PROCESS, AND ORDERS

3. On August 4, 2022, Plaintiff Pedro Borja Rodriguez ("Plaintiff") filed a Class Action Complaint against Defendant in Los Angeles County Superior Court entitled *Pedro Borja Rodriguez v. DirectBuy Home Improvement, Inc.*, and DOES 1 to

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

2.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

100, inclusive, designated as Case No. 22STCV25196 (the "Complaint"). The Complaint asserts the following nine causes of action: (1) Failure to Pay Wages for All Hours Worked at Minimum Wage; (2) Failure to Pay Overtime Wages; (3) Failure to Authorize or Permit Meal Periods; (4) Failure to Authorize or Permit Rest Breaks; (5) Failure to Indemnify Employees for Employment-Related Losses/Expenditures; (6) Failure to Timely Pay Earned Wages During Employment; (7) Failure to Provide Complete and Accurate Wage Statements; (8) Failure to Timely Pay All Earned Wages and Final Paychecks Due at Time of Separation of Employment; (9) Unfair Business Practices in Violation of Business and Professions Code §§ 17200, *et seq*.

4. On August 9, 2022, Defendant was served with the Complaint, along with copies of the Summons, Alternative Dispute Resolution (ADR) Information Package, Order Pursuant to CCP 1054(a) Extending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation, Voluntary Efficient Litigation Stipulations, Notice of Case Assignment, First Amended General Order, and Civil Case Cover Sheet and Addendum. The foregoing documents are attached as Exhibit A to the Declaration of Emily Mertes ("Mertes Decl.") in Support of Defendant's Notice of Removal. Mertes Decl., ¶ 2, Exh. A.

5. Attached as Exhibits B, C, D, and E are the following documents also filed with the Los Angeles County Superior Court: Initial Status Conference Order, Minute Order, Proof of Personal Service of Summons and Complaint, and Plaintiff's Notice of Minute Order and Initial Status Conference Order. Mertes Decl., ¶ 3, Exhs. B-E.

6. Pursuant to 28 U.S.C. § 1446(d), the attached **Exhibits A through F** to the Mertes Declaration constitute all process, pleadings and orders served on Defendant or filed or received by Defendant in this action. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court of the State of California, County of Los Angeles, or served by any party. Mertes Decl., ¶ 4.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

3.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

## IV. TIMELINESS OF REMOVAL

7. This Notice of Removal is timely. Pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal within thirty days from the date it first objectively learns that an action is removable. A defendant may learn that an action is removable in one of two ways: (1) through the face of the initial pleadings or (2) through the receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1) & (b)(2)(C)(3).

8. 28 U.S.C. § 1446(b) provides two 30-day windows for removing a case. Section 1446(b)(1) specifies that a defendant must remove "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). If, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). In addition, the Ninth Circuit has held that a defendant may remove "when it discovers, based on its own investigation, that a case is removable." *Roth v. CHA Hollywood Med. Ctr.*, 720 F.3d 1121, 1123 (9th Cir. 2013). Thus, the two 30-day periods set forth in section 1446(b) are not the exclusive periods for removal. *Id.* at 1125 ("We conclude that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines."). In short, a CAFA case "may be removed at any time, provided that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered." *Roth, supra*, 720 F.3d at 1126. *See also Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) ("[A]s long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable," a defendant, in effect, "may remove at any

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

time.").

9. To trigger the 30-day removal periods under ¶ 1441(b), the grounds for removal must be evident from the face of the pleadings. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). That is, the determination of removability is based on the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id*. If it is unclear from the complaint whether the case is removable, the pleadings are considered "indeterminate," and the 30-day removal window is not triggered. *Id*. at 693. A "defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability." *Roth*, *supra*, 720 F.3d at 1125. "Even the simplest of inquiries is not required....[D]efendants are not charged with any investigation, not even into their own records." *Stiren v. Lowes Home Ctrs., LLC*, 2019 U.S. Dist. LEXIS 74656, *709 (C.D. Cal. May 2, 2019). Accordingly, "even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Roth, supra*, 720 F.3d at 1125; *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018).

10. Here, Plaintiff's Complaint is clearly indeterminate. It does not state the specific number of people in the class, does not specify anyone's rates of pay, does not provide any substantive facts regarding the basis for Plaintiff's claims, does not state the amount in controversy, and does not specify the amount of claimed damages. *See, e.g., Zhao v. RelayRides, Inc.*, 2017 U.S.Dist. LEXIS 204415, *32 (N.D. Cal. Dec. 12, 2017) (plaintiff's complaint "did not reveal on its face that the action was removable under CAFA" where it "contained no specific allegations regarding the size of the two proposed classes (including whether there were more than 100 class members), or the amount of either [the plaintiff's] damages or the damages of the class as a whole"); *Trahan v. U.S. Bank Nat'l Ass'n*, 2014 U.S.Dist. LEXIS 4019, *11-12 (documents were indeterminate and did not trigger 30-day removal deadline where they "did not

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

5.
DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

expressly state that the amount in controversy would exceed $5,000,000…and did not make any specific assertions about the amount of damages that might be available to the class or the value of injunctive relief"). Nor has Defendant received any other "pleading, motion, order or other paper" in this matter that revealed on its face that this matter was removable under CAFA. As Defendant remained free to conduct its own investigation and remove at any time, this removal is timely.

## V. NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

11. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, the undersigned is providing written notice of such filing to Joseph Lavi, Vincent C. Granberry, and Pooja V. Patel of the law firm Lavi & Ebrahimian, Plaintiff's counsel of record. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles. Mertes Decl., ¶ 5.

## VI. CAFA JURISDICTION

12. CAFA grants United States district courts original jurisdiction over: (a) civil class action lawsuits filed under federal or state law; (b) where the alleged class is comprised of at least 100 individuals; (c) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (d) where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice of Removal.

### A. Plaintiff Filed a Class Action Under State Law

13. Plaintiff filed his action as a class action based on alleged violations of California state law. Complaint, ¶¶ 1-2.

### B. The Proposed Class Contains at Least 100 Members

14. Title 28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

6.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

in the aggregate is less than 100."

15. Plaintiff filed this action on behalf of "[a]ll current and former hourly non-exempt employees employed by Defendant as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class…." Complaint, ¶ 50.

16. Based on a review of Defendant's records, Defendant employed 435 non-exempt employees from August 4, 2018 through September 6, 2022. Declaration of Kristen Potter ("Potter Decl."), ¶ 8. Accordingly, Defendant's internal records demonstrate that there are well over 100 putative class members in this matter.

### C. Defendant Is Not a Governmental Entity

17. Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

18. Defendant is a corporation, not a state, state official, or other government entity exempt from CAFA. Potter Decl., ¶¶ 3-4.

### D. There Is Diversity Between at Least One Class Member and Defendant

19. "Under CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

20. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes, and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 340 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1130-1131 (9th Cir. 2002). Minimal diversity of citizenship exists here

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

7.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

because Plaintiff and Defendant are citizens of different states.

21. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place he resides with the intention to remain). Furthermore, allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (finding a place of residence provides "'prima facie' case of domicile").

22. According to the Complaint, Plaintiff is a resident of California. Complaint, ¶ 3. Defendant has thus established by a preponderance of the evidence that Plaintiff is domiciled in California, and is, thus, a citizen of California. *See id.*; *Lew*, 797 F.2d at 751; *Smith*, 2008 WL 744709 at *7.

23. At the time of the filing of the Complaint, Defendant was, and still is, incorporated under the laws of Delaware and is, therefore, a citizen of Delaware. Potter Decl., ¶ 4.

24. Defendant's principal place of business is in Merrillville, Indiana. *Id.* at ¶ 5. To determine a corporation's principal place of business, the courts apply the "nerve center test," which deems the principal place of business to be the state where a corporation's officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). In practice, the principal place of business is "where the corporation maintains its headquarters." *Id.* at 92–93. Defendant maintains its principal place of business in Indiana, where its executive and administrative offices are located, and where the majority of its executive and

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1  administrative functions are performed. Potter Decl., ¶ 5. Defendant's principal place
2  of business is where its officers direct, control and coordinate its activities. *See Hertz*,
3  559 U.S. at 92–93.

4      25.    The presence of Doe defendants in this case has no bearing on diversity
5  with respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil
6  action is removable on the basis of the jurisdiction under section 1332(a) of this title,
7  the citizenship of defendants sued under fictitious names shall be disregarded.").

8      26.    Accordingly, the named Plaintiff is a citizen of a state (California) different
9  from Defendant (Delaware and Indiana), and diversity exists for purposes of CAFA
10 jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

11     **E.**    **The Amount in Controversy Exceeds $5,000,000**[1]

12     27.    This Court has jurisdiction under the CAFA, which authorizes the removal
13 of class actions in which, among the other factors mentioned above, the amount in
14 controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d). "The
15 claims of the individual class members shall be aggregated to determine whether the
16 matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6).

17     28.    The removal statute requires that a defendant seeking to remove a case to
18 federal court must file a notice "containing a short and plain statement of the grounds
19 for removal." 28 U.S.C. § 1446(a). The Supreme Court, in *Dart Cherokee Basin*
20 *Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified
21 in §1446(a), a defendant's notice of removal need include only a plausible allegation
22 that the amount in controversy exceeds the jurisdictional threshold." The defendant's
23 "amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-
24 controversy allegation is accepted when a plaintiff invokes federal court jurisdiction.
25 *Id.* at 553.

26     29.    Defendant denies the validity and merit of the entirety of Plaintiff's alleged

---

[1] The alleged damages calculations contained herein are for purposes of removal only. Defendant denies that Plaintiff or the putative class are entitled to any relief whatsoever and expressly reserve the right to challenge Plaintiff's alleged damages in this case.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims of the putative class establish, by a preponderance of evidence, that the amount in controversy well exceeds the jurisdiction minimum of $5,000,000. *See Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (the "amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [D]efendant's liability"); *see also Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. Cal. 2013) (a defendant "may remove when it discovers, based on its own investigation, that a case is removable.").

30. For purposes of determining whether a defendant has satisfied the amount in controversy requirement, the Court must presume that the plaintiff will prevail on their claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability."). The ultimate inquiry is what amount is put "in controversy" by a plaintiff's complaint, not what a defendant might actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Inv., Inc.* 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants are still free to challenge the actual amount of damages at trial because they are only estimating the amount in controversy).

31. Here, Plaintiff does not allege the amount in controversy in the Complaint, though he alleges a common course of conduct by Defendant that purportedly deprived class members of wages and premiums. Complaint, ¶¶ 12-49.

32. Plaintiff filed his Complaint on August 4, 2022, alleging a cause of action for violation of the Unfair Competition Law ("UCL"), California Business and

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

10.
DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

Professions Code §§ 17200, *et seq.* Complaint, ¶¶ 112-118. Alleging a UCL violation may extend the statute of limitations for Plaintiff's meal and rest period claims as well as the overtime and minimum wage claims from three to four years from the filing of the Complaint, which in this case extends the statute of limitations to August 4, 2018. *See* CAL. BUS. & PROF. CODE § 17208; *Cortez v. Purolater Air Filtration Products Co.*, 23 Cal.4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL).

33. Defendant's records reflect that it has employed 435 hourly, non-exempt employees in California from August 4, 2018 to September 6, 2022. Potter Decl., ¶ 8.

### 1. Amount in Controversy—Plaintiff's Meal Break Claim

34. In his Third Cause of Action, Plaintiff alleges that Defendant failed to provide Plaintiff and other class members with a compliant meal period, including the allegation that Plaintiff and class members had to work through meal periods. Complaint, ¶ 76. Plaintiff seeks one additional hour of pay at the regular rate of compensation for each workday that a meal period was not provided. Complaint, ¶ 80.

35. California law permits recovery of one additional hour of pay at the employee's regular rate of compensation for each workday a compliant meal period was not provided. CAL. LAB. CODE § 226.7. The statutory period for recovery for a Labor Code section 226.7 claim pursued with a Business & Professions Code claim is four years. *See* CAL. CIV. PROC. CODE § 338(a) (setting out a three-year limitations period); CAL. BUS. & PROF. CODE § 17208 (explaining the three-year statute of limitations can be extended to four years through the pleading of a companion claim under the UCL).

36. For purposes of establishing the amount in controversy at removal, Defendant does not need to make Plaintiff's case for him, or prove the amount in controversy to a certainty. Rather, Defendant can rely on "reasonable assumptions" and a "chain of reasoning that includes assumptions" based on reasonable grounds to calculate the amount in controversy. *Anderson v. Starbucks Corp.*, 2020 WL 7779015, *8 (N.D. Cal. Dec. 31, 2020).

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

11.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

37. Plaintiff alleges Defendant "employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and the Meal Period Class," and further specifies that this practice included, but were not limited to, "[r]equiring Plaintiff and the Meal Period Class to leave their workstation and travel off-the-clock to a designated area for meal breaks and travel back to their workstation before the end of the bell sound resulting in meal periods that are on-duty and/or less than thirty (30) minutes." Complaint, ¶ 76. This allegation supports the conservative assumption of (at least) three (3) missed meal periods per workweek. *See Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (when a defendant's calculations are "relatively conservative, made in good faith, and based on evidence whenever possible," the court should find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000."); *Oda v. Gucci Am., Inc.*, No. 2:14-CV-07469, 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) (finding that a 50% violation rate for meal and rest period violations was reasonable despite allegations that employees only "sometimes" were denied meal or rest periods); *Sadler v. Ensignal, Inc.*, No. 1:17-cv-00312-AWI-SAB, 2017 WL 2333528, at *5 (E.D. Cal. May 26, 2017) (where case removed on diversity grounds, accepting defendant's assumption that violation occurred once per day where plaintiff alleged "that he systematically worked for a period of more than five hours in a workday without being provided a mandatory, duty-free lunch").

38. Using a conservative estimate of three non-compliant meal periods every week, the amount in controversy for the meal period claim totals **$1,287,511.20** (25,776 workweeks * 3 * $16.65 = $1,287,511.20). *See* Potter Decl., ¶¶ 9-10.

   **2.    Amount in Controversy—Plaintiff's Rest Break Claim**

39. In his Fourth Cause of Action, Plaintiff alleges that "Defendant employed policies, practices, and/or procedures that resulted in their failure to authorize or permit all legally required and compliant rest periods to Plaintiff and the Rest Period Class," Complaint, ¶ 85. Plaintiff seeks one additional hour of pay at the employees' regular

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

12.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

hourly rate of compensation for each workday that the rest period was not provided. Complaint, ¶ 89.

40. California law permits recovery of one additional hour of pay at the employee's regular rate of compensation for each workday a rest period was not provided. CAL. LAB. CODE § 226.7.

41. Using a conservative estimate of three missed rest breaks every workweek, the amount in controversy for the rest period claim totals **$1,287,511.20** (25,776 workweeks * 3 * $16.65 = $1,287,511.20). *See* Potter Decl., ¶¶ 9-10; *Hull v. Mars Petcare US, Inc.,* No. ED CV-18-1021 PSG (KKx), 2018 WL 3583051, at *4-5 (C.D. Cal. Jul. 25, 2018) (finding reasonable assumption of three missed rest periods and meal periods per week).

### 3. Amount in Controversy—Plaintiff's Failure to Indemnify Claim

42. Plaintiff alleges in his Seventh Cause of Action that Defendant violated Labor Code § 2802 "by employing policies, practices, and/or procedures of impermissibly passing business-related expenses to Plaintiff and Indemnification Class Members," including by requiring the class "to use or purchase their own tools and/or resources in order to work, including but not limited to use their personal cell phone (including both telephone use and cellular data use) for work-related purposes, such as clocking in and out for shifts and meal breaks…." Complaint, ¶ 93.

43. Defendant denies the validity and merit of Plaintiff's wage statement claim. For purposes of removal only, Defendant's records show it has employed 435 employees for 6,102 work months. Potter Decl., ¶ 9. Assuming that Plaintiff and the Class should have been reimbursed the conservative amount of $20 per month for the use of their personal cell phones, the amount in controversy for this claim is **$122,040** (6,102 months * $20).

### 4. Amount in Controversy—Plaintiff's Wage Statement Claim

44. In his Seventh Cause of Action, Plaintiff alleges that Defendant "failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

13.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

that resulted in their failure to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer, among other things." Complaint, ¶¶ 108-111. Plaintiff contends that Defendant's failure to provide accurate wage statements was knowing and intentional. Complaint, ¶ 111.

45. Labor Code section 226(e) provides for a statutory penalty for violations of Labor Code section 226(a)'s wage statement requirements of $50 or actual damages per employee for the initial pay period in which a violation occurs, and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate amount of $4,000 per employee. CAL. LABOR CODE § 226(a). The statutory period for Labor Code section 226(e) penalties is one year. CAL. CODE CIV. PROC. § 340.

46. Defendant denies the validity and merit of Plaintiff's wage statement claim. For purposes of removal only, based on a review of its records, Defendant has employed at least 193 non-exempt employees since August 4, 2021, for 3,881 pay periods. Potter Decl., ¶ 11. Therefore, the average number of pay periods per employee is more than 20 pay periods (3,881 pay periods/193 employees), and the resulting average penalties per employee are $1,950 ([$50 * 1] + [$100 * 19]). Multiplying that number by the 193 employees at issue equals **$376,350.**

**5.     Amount in Controversy—Plaintiff's Waiting Time Penalty Claim**

47. In his Eighth Cause of Action, Plaintiff seeks waiting time penalties pursuant to California Labor Code sections 201, 202, and 203. Complaint, ¶¶ 116-125. The statute of limitations for Plaintiff's Labor Code section 203 waiting time penalty claim is three years. *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1395 (2010) ("no one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages").

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

14.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

48. The Labor Code's penalty for failure to pay wages at termination is up to 30 days' wages for each employee. CAL. LABOR CODE § 203(a).

49. For purposes of removal only, based on a review of its records, 302 employees have separated from Defendant's employment since August 4, 2019, and the average hourly pay rate for these employees is $16.14. Potter Decl., ¶ 14. The amount in controversy for Plaintiff's waiting time penalties claim is thus **$1,169,827.20** (302 employees * 8 hours * 30 days * $16.14 average rate of pay = $1,169,827.20).

**6.  Amount in Controversy—Plaintiff's Claim for Attorneys' Fees**

50. Finally, Plaintiff seeks attorneys' fees and costs in her Complaint. Complaint, ¶¶ 1, 59, 72, 98, 115, Prayer for Relief ¶¶ 6 (First Cause of Action), 5 (Second Cause of Action), 5 (Fifth Cause of Action), 5 (Seventh Cause of Action). Thus, the Court must consider attorneys' fees in determining whether the amount in controversy is met as it is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See*, *e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S.Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

51. In California, it is not uncommon for an attorneys' fee award to be 25 to 33 percent of a settlement or judgment. *See, e.g.*, *McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to pay wages, liquidated damages, penalties, and waiting time penalties); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1216-1218 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class case involving violations of a living wage ordinance, the California Labor Code, as well as unfair competition and contract claims); *see also Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

15.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

(E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.").

52. The attorneys' fees benchmark in the Ninth Circuit is 25 percent. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Lo v. Oxnard Euro. Motors, LLC*, 2012 WL 1932283, at *3 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.").

53. Based on the above, the amount in controversy for unpaid overtime, meal period premiums, rest break premiums, and waiting time penalties, is conservatively **$4,243,239.60**. Taking into account attorneys' fees at the benchmark percentage of 25 percent further increases the amount in controversy by $1,060,809.90 for a total amount in controversy of **$5,304,049.50**, which exceeds the $5,000,000 benchmark without accounting for Plaintiff's First and Second Causes of Action for Failure to Pay Minimum Wages and Overtime, respectively, Sixth Cause of Action for Failure to Timely Pay Wages During Employment, and Ninth Cause of Action for Unfair Business Practices.

## VII. SUMMARY

54. As explained above, removal of this action is proper, as the aggregate value of Plaintiff's causes of action for unpaid overtime, meal period premiums, rest break premiums, waiting time penalties, and attorneys' fees are well in excess of the CAFA jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2):

| Plaintiff's Alleged Claim | Amount in Controversy Conservative Estimate |
|---|---|
| Meal Period Premiums | $1,287,511.20 |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

16.
DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

| | |
|---|---|
| Rest Period Premiums | $1,287,511.20 |
| Failure to Indemnify | $122,040 |
| Inaccurate Wage Statements | $376,350 |
| Waiting Time Penalties | $1,169,827.20 |
| Attorneys' Fees | $1,060,809.90 |
| **Amount in Controversy** | **$5,304,049.50** |

55. Accordingly, although Defendant denies Plaintiff's claims as alleged in the Complaint, the jurisdictional minimum is satisfied for purposes of determining the amount in controversy, as it exceeds the $5,000,000 threshold required under CAFA.

WHERFORE, Defendant hereby removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Dated: December 20, 2022

LITTLER MENDELSON, P.C.

*/s/ Emily Mertes*
Elizabeth Staggs Wilson
Emily Mertes

Attorneys for Defendant
DIRECTBUY HOME IMPROVEMENT, INC.

4895-7275-6787.2 / 110378-1008